**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEMOCRACY DEFENDERS FUND<br>600 Pennsylvania Avenue SE, #15180<br>Washington, DC 20003<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>*Defendant*. | Civil Action No. 25-cv-02791 |

**AMENDED COMPLAINT**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff Democracy Defenders Fund ("Plaintiff" or "DDF") seeks injunctive and other appropriate relief for the processing and release of agency records requested by Plaintiff from Defendant the United States Department of Justice ("DOJ" or "Defendant") on July 22, 2025 and July 28, 2025. Specifically, DDF seeks information from DOJ's investigative files of Jeffrey Epstein ("Epstein") and Ghislaine Maxwell ("Maxwell") that mention President Trump or his home in Mar-a-Lago (the "Epstein Files" or the "Files").

2. The Epstein Files include information of great national significance, including information on President Trump's involvement (or lack thereof) with Epstein and Maxwell in relation to the sex crimes they perpetrated.

3. Despite months of fanfare and promises to release DOJ's investigative files, DOJ in July unceremoniously announced that it would not be releasing any of the files.

4. The outrageous nature of the alleged activity engaged in by Epstein and the failure of DOJ to release the Files has caused the public much outrage and alarm.

5. The contents of the files also may elucidate any impact that mentions of President Trump in the Epstein Files may have had on DOJ's decision not to release these documents to the public.

6. On July 22, 2025, Plaintiff filed a Freedom of Information Act ("FOIA") with the Criminal Division ("CRM") of DOJ seeking these files in order to provide the public information on actual or alleged federal government activity.

7. On July 28, 2025, Plaintiff filed an additional FOIA request with CRM seeking additional files related to communications and records concerning Epstein and Maxwell and actions taken by the Department of Justice to review and make decisions about whether to disseminate such files.

8. To date, CRM has not responded to either of DDF's requests.[1]

9. The purpose of FOIA was "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S. Rep. No. 813, 89th Cong., 1st Sess., 3 (1965). A goal of the statute was to ensure an "informed electorate," which was seen as "vital to the proper operations of a democracy." *Id.* at 2-3.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(E)(iii) and 28 U.S.C. §§ 1331, 2201, and 2202.

11. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.§ 1391(e).

[1] DDF also sent similar FOIA requests to other DOJ offices, who have responded.

12. Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, DDF is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial review.

## PARTIES

13. Plaintiff DDF is a nonpartisan, non-profit section 501(c)(3) organization committed to defending and strengthening democracy while ensuring that all Americans can freely exercise their fundamental civil rights by defending the rule of law, fighting corruption, and protecting elections. DDF strategically uses FOIA and public records requests to gather and analyze information to shine a light on abuses of power. DDF's public dissemination and media outreach are extensive, allowing it to connect with a vast and diverse audience across various platforms, making it uniquely positioned to effectively inform the public about information of national significance. The organization is incorporated under the laws of the District of Columbia.

14. Defendant Department of Justice is a department of the Executive Branch of the United States Government, and an "agency" of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOJ is headquartered in Washington, D.C. DOJ has possession, custody, and control of records that DDF seeks.

## BACKGROUND

### *President Trump and the Epstein Files*

15. The "Epstein Files" refers to the thousands of pages of documents related to two criminal investigations into sex trafficking by financier Jeffrey Epstein. [2] The content of the Files, including the people mentioned in them and whether they should be released to the public, has

[2] Tracy Grant, *The Epstein Files: A Timeline*, BRITANNICA (Aug. 5, 2025), https://www.britannica.com/topic/The-Epstein-Files-A-Timeline.

been a hotly contested topic of public conversation since Epstein's death in 2019.[3] Of particular interest has been the prospect of a "client list" naming Epstein's associates who were also involved in sex trafficking.[4]

16. In the run-up to the 2024 election, President Trump announced that he would release documents related to Epstein's investigation and his client list,[5] making repeated promises over the years to release the Epstein files.[6]

17. Following President Trump's inauguration, DOJ reportedly undertook a major review of the Epstein Files, with the apparent goal of releasing information about Epstein's associates.[7]

18. However, and despite Attorney General Bondi's assertion[8] in February 2025 that she had the list of Epstein's clients on her desk, on July 7, 2025, the Federal Bureau of Investigation ("FBI"), a component of DOJ, issued a memo stating that their "systematic review" of the Epstein Files "revealed no incriminating 'client list.'" *Memo on Epstein Investigation*, U.S. Department of Justice, Federal Bureau of Investigation, (July 7, 2025), at 1, https://www.justice.gov/opa/media/1407001/dl?inline ("FBI Memo"). The FBI Memo also

---

[3] *Id.*

[4] Tom Geoghegan and James FitzGerald, *What do we know about the Epstein Files?*, BBC (Aug. 19, 2025), https://www.bbc.com/news/articles/c20r07dg6kro.

[5] Tess Owen, *How the Trump administration's handling of the Epstein files became a vehicle for QAnon*, THE GUARDIAN (July 15, 2025), https://www.theguardian.com/us-news/2025/jul/15/trump-epstein-files-maga.

[6] Alexandra Hutzler, *What Trump has said about Jeffrey Epstein over the years, including on 2024 campaign trail*, ABC NEWS (July 16, 2025), https://abcnews.go.com/Politics/trump-jeffrey-epstein-years-including-2024-campaign-trail/story?id=123778541.

[7] *Memo on Epstein Investigation*, U.S. DEPARTMENT OF JUSTICE, FED. BUREAU OF INVESTIGATION, (July 7, 2025), https://www.justice.gov/opa/media/1407001/dl?inline.

[8] Haliey Chi-Sing, *Bondi says Epstein client list 'sitting on my desk right now,' and is reviewing JFK, MLK files,* FOX NEWS (Feb. 21, 2025), https://www.foxnews.com/politics/bondi-says-epstein-client-list-sitting-my-desk-right-now-reviewing-jfk-mlk-files.

asserted that "no credible evidence found that Epstein blackmailed prominent individuals as part of his actions." *Id.*

19. The FBI concluded that no further disclosures from the Epstein Files were "appropriate or warranted," in part due to their containing sensitive information relating to Epstein's many victims, instead, sharing only "enhanced" footage of the area surrounding Epstein's cell at the time of his death. *Id.* at 1, 2.

20. It was recently reported that Attorney General Bondi orchestrated a frenzied, urgent review of the Epstein Files in May 2025, months after stating she had the Epstein client list on her desk. Attorney General Bondi reportedly tasked nearly 1,000 FBI officials—during 24-hour shifts—with combing through tens of thousands of pages of documents related to Epstein and "flag[ging]" any mentions of the President.[9] Attorney General Bondi also reportedly personally briefed the President on instances of his name appearing in documents related to Jeffrey Epstein in May.[10]

***DDF'S First FOIA Request to DOJ's Criminal Division***

21. On July 22, 2025, DDF sent a FOIA request to the Criminal Division of DOJ seeking to uncover the requested information in furtherance of the public interest. A true and correct copy of the request is attached as Exhibit A.[11]

---

[9] *See, e.g.*, Alexander Bolton, *Durbin: FBI agents were told to 'flag' Epstein records that mentioned Trump*, THE HILL (July 18, 2025), https://thehill.com/homenews/senate/5409002-trump-epstein-files-ag-bondi-patel-bongino-fbi-agents-durbin-wall-street-journal/. *See also* Senator Richard Durbin to Attorney General Bondi (July 18, 2025), https://www.judiciary.senate.gov/imo/media/doc/2025-07-18%20RJD%20Letter%20to%20AG%20Bondi%20re%20Epstein.pdf.

[10] Maggie Haberman and Glenn Thrush, *Attorney General Told Trump His Name Appeared in Epstein Files*, THE NEW YORK TIMES (July 23, 2025), https://www.nytimes.com/2025/07/23/us/politics/trump-epstein-files-named.html.

[11] Letter from Norm Eisen, Executive Chair and Founder, *et al.*, to Christina Butler, Chief, FOIA/PA Unit, Criminal Division, DOJ (July 22, 2025) ("Exhibit A").

22. Specifically, DDF requested the following records:

1. All records relating to the Department of Justice's investigation(s) of Jeffrey Epstein that mention, refer to, or include the name of "Donald J. Trump", "Donald Trump", "President Trump" or other variations of his name, "Mar-a-Lago," or any code name, code word, pseudonym, or other cryptonym that is used to refer to Donald J. Trump or Mar-a-Lago, including records contained in its investigative files of Jeffrey Epstein.

2. All records relating to the Department of Justice's investigation(s) of Ghislaine Maxwell that mention, refer to, or include the name of "Donald J. Trump", "Donald Trump", "President Trump" or other variations of his name, "Mar-a-Lago," or any code name, code word, pseudonym, or other cryptonym that is used to refer to Donald J. Trump or Mar-a-Lago, including records contained in its investigative files of Ghislaine Maxwell.

Exhibit A at 1.

23. DDF requested a fee waiver under 5 U.S.C. § 552(a)(4)(A) and 28 C.F.R. § 16.10(k). Exhibit A at 2–4.

24. DDF also requested expedited processing pursuant to 5 U.S.C. § 552(6)(E) and DOJ's implementing regulations at 28 C.F.R. §§ 16.5(e)(1)(ii), (iv), all of which require DOJ to inform the requester of whether expedited processing will be granted within ten days of receiving the request. *Id.* at 4–7. Pursuant to FOIA and DOJ requirements, 5 U.S.C. § 552(6)(E)(vi), 28 C.F.R. § 16.5(e)(3), DDF included the requisite, certified statement articulating the basis for its request for expedited processing. Exhibit A at 4–7.

25. Although DOJ's Office of Public Affairs ("OPA") was copied on the original request, out of an abundance of caution, on July 23, 2025, DDF contacted OPA via its online FOIA portal, referencing the FOIA request to CRM and reiterating the request in support of its fee waiver and expedited processing requests. A true and correct copy of the confirmation of that submission is attached as Exhibit B.[12]

[12] FOIA.gov confirmation (July 23, 2025) ("Exhibit B").

26. On July 24, 2025, DDF emailed CRM's FOIA Officer requesting confirmation of receipt of the FOIA request, as well as a tracking number. A true and correct copy of that email is attached as Exhibit C.[13]

27. On July 24, 2025, CRM's FOIA/PA Unit sent DDF an email confirming receipt of the July 22, 2025 FOIA request and providing a tracking number of CRM-302309194. A true and correct copy of that email is attached as Exhibit D.[14]

28. FOIA requires federal agencies to respond to a request for records within twenty business days after receiving a request, 5 U.S.C. § 552(a)(6)(A)(i), in the absence of specified "unusual circumstances," *id.* § 552(a)(6)(B). Agencies' responses to FOIA requests must inform the requester whether the agency will comply with such request and the reasons therefore. *Id.*

29. To date, DDF has not received any response from CRM indicating whether CRM will comply with the request or the timeframe for any CRM response, nor has CRM alleged any "unusual circumstances" per 5 U.S.C. § 552(a)(6)(B) that would require an extension of the original August 19, 2025, deadline. CRM, OPA, or any other DOJ office have also not informed DDF of whether it will be granted expedited processing.

30. To date, CRM has failed to produce a single record in response to Plaintiff's request.

---

[13] Email from Gabriel Lezza, Senior Policy Strategist, to CRM FOIA Officer (July 24, 2025) ("Exhibit C").
[14] Email from CRM FOIA/PA Unit to Gabriel Lezza, Senior Policy Strategist, DDF (Aug. 12, 2025) ("Exhibit D").

***DDF'S Second FOIA Request to DOJ's Criminal Division***

31. On July 28, 2025, DDF sent a FOIA request to CRM seeking the below requested information in furtherance of the public interest. A true and correct copy of the request is attached as Exhibit F.[15]

32. Specifically, DDF requested the following records:

1. Records of all communications, including, but not limited to, letters, faxes, emails, voicemails, direct messages, or any form of electronic message, regardless of whether maintained on an official device or account or a personal device or account, that refer to "Jeffrey Epstein" or "Ghislaine Maxwell," or any code name, code word, pseudonym, or cryptonym used for identifying "Jeffrey Epstein" or "Ghislaine Maxwell," that were sent from, received by, or transmitted to any Department of Justice official including, but not limited to, Attorney General Pamela Bondi, Deputy Attorney General Todd Blanche, Principal Associate Deputy Attorney General Emil Bove, FBI Director Kash Patel, and FBI Deputy Director Dan Bongino. This includes any attachments, including, but not limited to, meeting agendas, minutes, notes, memos, briefing materials, drafts, presentations, or analyses created, received, or reviewed by agency personnel. This request includes direct correspondence as well as communications facilitated by or through third parties.

2. Any communications, in any form, including audiovisual media such as digital video, VHS, DVD, or other similar format, discussing or explaining the process of how department officials should approach or address references to Donald Trump or Mar-a-Lago appearing in any files related to the Jeffrey Epstein or Ghislaine Maxwell cases, including any communications that describe how to flag, categorize, or memorialize mentions of President Trump. This request includes, but is not limited to, videos circulated on unclassified networks within the Department.

3. Electronic copies of all calendar entries or meeting invitations for any Department officials, including, but not limited to, Attorney General Bondi, Deputy Attorney General Todd Blanche, Principal Associate Deputy Attorney General Emil Bove, FBI Director Kash Patel, or FBI Deputy Director Dan Bongino, including any calendars maintained on their behalf, that reference "Jeffrey Epstein" or "Ghislaine Maxwell" or any code name, code word, pseudonym, or cryptonym used for identifying "Jeffrey Epstein" or "Ghislaine Maxwell". For any such calendar entries or meeting invites

[15] Letter from Norm Eisen, Executive Chair and Founder, *et al.*, to Christina Butler, Chief, FOIA/PA Unit, Criminal Division, DOJ (July 28, 2025) ("Exhibit F").

> produced, please also provide any related materials, including recordings, transcripts, agendas, minutes, notes, memos, briefing materials, drafts, presentations, or analyses created, received, or reviewed for use during, or in preparation of, such meeting.
>
> 4. Any communications, correspondence, or documents listing or containing the identities of people who were clients or associates of Jeffrey Epstein, including any documents listing or containing the identities of people who were invited to Epstein's properties, including invitations, calendar schedules, and flight logs.

Exhibit F at 1–2.

33. DDF requested a fee waiver under 5 U.S.C. § 552(a)(4)(A) and 28 C.F.R. § 16.10(k). Exhibit F at 2-3.

34. DDF also requested expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and DOJ's implementing regulations at 28 C.F.R. §§ 16(e)(1)(ii), (iv), all of which require DOJ to inform the requester of whether expedited processing will be granted within ten days of receiving the request. *Id*. at 5–7; 28 C.F.R. § 16.15(4). Pursuant to FOIA and DOJ requirements, 5 U.S.C. § 552(6)(E)(vi), 28 C.F.R. § 16.5(e)(3), DDF included the requisite, certified statement articulating the basis for its request for expedited processing. Exhibit F at 5–7.

35. On July 28, 2025, DDF received confirmation that its request was being sent to the Criminal Division. A true and correct copy of this confirmation is attached as Exhibit G.[16]

36. FOIA requires federal agencies to respond to a request for records within twenty business days after receiving a request, 5 U.S.C. § 552(a)(6)(A)(i), in the absence of specified "unusual circumstances," *id.* § 552(a)(6)(B). Agencies' responses to FOIA requests must inform the requester whether the agency will comply with such request and the reasons therefore. *Id.*

37. To date, CRM has not produced a single record in response to Plaintiff's request, nor has CRM informed DDF of whether it will be granted expedited processing and a fee waiver.

---

[16] FOIA.gov confirmation (July 28, 2025) ("Exhibit G").

***The National Significance of President Trump's Role in the Epstein Files***

38. The requested records relate to matters of significant national public interest concerning President Trump's interactions with Epstein and Maxwell in relation to the sex crimes that they perpetrated.

39. President Trump's interactions with Epstein and Maxwell, specifically any interactions that would merit mention in the Epstein files, raise serious ethical concerns regarding the federal government's decisions about whether to publicize the files. These concerns have been heightened by Deputy Attorney General Todd Blanche's recent meetings with Maxwell in jail to question her about information that might be contained in the requested files.[17] President Trump's relationship with Epstein and Maxwell is not fully understood, nor is the role that that relationship played in the federal government's decision not to publicize the files.

40. The requested records would inform the public of any involvement that President Trump had with Epstein and Maxwell that was sufficient to merit a mention in the files, including in regard to any sex crimes that were perpetrated, and any crimes or related events that may have taken place at his home in Mar-a-Lago.

41. The requested records would also shed light on the federal government's decision not to publicize the files despite President Trump's 2024 campaign promises to do so. Specifically, the requested records may reveal whether any mention of President Trump or Mar-a-Lago in the files may have affected President Trump's decision not to publicly release the Epstein files after repeatedly pledging to do so.

---

[17] *See, e.g.*, Rebecca Beitsch, *Maxwell attorney after second meeting with DOJ: 'The truth will come out,'* THE HILL (July 25, 2025), https://thehill.com/homenews/administration/5420763-ghislaine-maxwell-interview-blanche/.

42. The contribution to the public's understanding that would be served by releasing the requested files is significant. The public has a right to know how the federal government is making decisions about whether and how to publicize information about serious crimes that were committed, and whether a friendship between the President and criminals Epstein and Maxwell has led the federal government to withhold information that would have otherwise been made public.

43. Given that DDF is a nonpartisan, non-profit section 501(c)(3) organization, the request is entirely for non-commercial purposes. DDF does not seek these records for the purposes of commercial, trade, or profit interests. DDF requests these records for educational purposes—the organization intends to study the records responsive to these requests and to share its results with the public through investigative analyses, publications, press releases, or other mechanisms, including on DDF's website at https://www.democracydefendersfund.org.

***Expedient Disclosure of the Requested Records is Warranted***

44. This is a case of obvious "urgency to inform the public concerning actual or alleged Federal Government activity," 5 U.S.C. § 522(6)(E)(v), 28 C.F.R. § 16.5(e)(1)(ii), that is a "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv).

45. The urgency is clear even under DOJ's own standards for expedited processing: The existence of numerous articles published on a given subject can be helpful in establishing the requirement that there by an "urgency to inform the public on the topic." 28 C.F.R. § 16.5(e)(3).

Over the past eight months alone, hundreds of news articles on this Administration's handling of the Epstein files have been published.[18]

46. High-profile actions by public officials further underscore this urgency. On August 5, 2025, a bi-partisan coalition of House members issued a subpoena requesting the same documents DDF has requested.[19] In early August, the President assembled the Vice President and high-level DOJ officials behind closed doors to discuss how to strategically address allegations

---

[18] *See, e.g.*, Ashley Oliver, *10 reasons the DOJ and FBI face backlash over Epstein files flop*, FOX NEWS (July 10, 2025), https://www.foxnews.com/politics/10-reasons-doj-fbi-face-backlash-over-epstein-files-flop; Jacqui Heinrich, *Trump taking hits at mountain of Republicans pushing for Epstein file release*, FOX NEWS (July 16, 2025), https://www.foxnews.com/video/6375726865112; Luke Broadwater, *Trump Talks About Anything but Epstein on His Social Media Account*, THE NEW YORK TIMES (July 21, 2025), https://www.nytimes.com/2025/07/21/us/politics/trump-epstein-social-media.html; Erica L. Green, *How Trump Deflected MAGA's Wrath Over Epstein, at Least for Now*, THE NEW YORK TIMES (July 21, 2025), https://www.nytimes.com/2025/07/21/us/politics/trump-epstein-maga-base.html; Michael Gold, *Republicans and Democrats Call for More Information on Epstein Case*, THE NEW YORK TIMES (July 20, 20225), https://www.nytimes.com/2025/07/20/us/politics/trump-epstein-files.html; Natalie Andrews, Annie Linskey, and Sadie Gurman, *Trump Calls for Release of "Pertinent" Epstein Grand Jury Material Following WSJ Article,* WALL ST. JOURNAL (July 18, 2025), https://www.wsj.com/politics/policy/trump-calls-for-release-of-epstein-documents-following-wsj-article-bc3c3a2b?g aa_at; Annie Linskey and Jasmine Li, *Trump Lashes Out at Supporters for Fixating on "Epstein Hoax,"* WALL ST. JOURNAL (July 16, 2025), https://www.wsj.com/politics/policy/trump-jeffrey-epstein-files-supporters-4021019d?gaa_at; Editorial Board, Editorial, *No Special Counsel for the Epstein Files*, WALL ST. JOURNAL (July 17, 2025), https://www.wsj.com/opinion/jeffrey-epstein-files-special-counsel-donald-trump-karoline-leavitt-885590f9?gaa_at; *Trumps' "Epstein Files" Problem*, WASHINGTON POST PODCAST (July 15, 2025), https://www.washingtonpost.com/podcasts/post-reports/trumps-epstein-files-problem/; Jeremy Roebuck and Mark Berman, *Justice Dept. asks court to release Epstein grand jury testimony*, WASHINGTON POST (July 18, 2025), https://www.washingtonpost.com/national-security/2025/07/18/bondi-epstein-files-documents-grand-jury-testimony-doj/; Sarah Ellison, *How MAGA influencers put pressure on Trump, Bondi over Epstein*, WASHINGTON POST (July 19, 2025), https://www.washingtonpost.com/politics/2025/07/19/maga-influencers-trump-epstein//.

[19] Subpoena from Representative James Comer, Chairman, House Committee on Oversight and Government Reform to Attorney General Bondi (Aug. 5, 2025), https://oversight.house.gov/release/chairman-comer-subpoenas-bill-and-hillary-clinton-former-u-s-attorneys-general-and-fbi-directors-and-records-related-to-jeffrey-epstein/.

that he is named in the Epstein Files.[20] DOJ recently agreed to share with Congress documents from the Epstein investigation,[21] and has since released over 33,000 pages of materials.[22] It is speculated that this release only contains 1% of the documents DOJ maintains regarding Epstein, and many of the released files were claimed to already be in the public record.[23] Just this week, the House Oversight Committee released several documents from Epstein's estate including a redacted copy of a 238-page "birthday book" given to Epstein in 2003 for his fiftieth birthday.[24] The book contains a letter allegedly signed by President Trump.[25] In the House of Representatives, there is a bipartisan effort to pass a resolution directing the Justice Department to release all of its investigative files.[26] Victims of Epstein's crimes met with lawmakers last week, and have called for the release of all of the files held by the Department.[27]

---

[20] Alayna Treene, Josh Campbell, Paula Reid, Kristen Holmes, & Kaitlan Collins, *Top Trump officials will discuss Epstein strategy at Wednesday dinner hosted by Vance*, CNN (Aug. 6, 2025), https://edition.cnn.com/2025/08/05/politics/trump-blanche-epstein-maxwell-vance-bondi-patel-meeting.

[21] Jeremy Roebuck, *DOJ to begin sharing Epstein files with Congress on Friday, House member says*, WASHINGTON POST (Aug. 19, 2025), https://www.washingtonpost.com/national-security/2025/08/18/epstein-maxwell-documents-house-committee-subpoena-justice-bondi/.

[22] Emily Brooks, *Republicans release first batch of Epstein files*, THE HILL (Sept. 2, 2025), https://thehill.com/homenews/house/5482688-republicans-epstein-files-doj/.

[23] Francesca Chambers, Joey Garrison, Michael Loria & Josh Meyer, *First Bloc of Jeffery Epstein Documents Released by House; Epstein Victims Due to Testify*, USA TODAY (Sept. 2, 2025), https://www.usatoday.com/story/news/politics/2025/09/02/house-oversight-committee-release-epstein-files/85946963007/.

[24] Stuart Lau & Sarah Smith, *What's in the book of birthday message to Epstein*, BBC (Sept. 9, 2025), https://www.bbc.com/news/articles/cr5q68j2169o.

[25] Caitlin Yilek & Kaia Hubbard, *House panel releases more records from Jeffrey Epstein's estate, including letter allegedly written by Trump*, CNN (Sept. 8, 2025), https://www.cbsnews.com/live-updates/jeffrey-epstein-donald-trump-birthday-message-house-oversight/.

[26] Michael Gold, *Effort to Force a House Vote on Epstein Files Nears Success*, THE NEW YORK TIMES (Sept. 9, 2025), https://www.nytimes.com/2025/09/09/us/politics/epstein-house-vote.html.

[27] Stephen Groves, *Epstein Survivors Implore Congress to Act as Push For disclosure Builds*, AP NEWS (Sept. 3, 2025), https://apnews.com/article/jeffrey-epstein-survivors-congress-trump-5d980740245f935c994a90b8ce824642.

47. It is imperative that these records be released so that the public has an unadulterated and transparent understanding of what is in the files, and not just what high-level officials want the public to hear.

48. Indeed, last month, DOJ moved to unseal the grand jury transcripts from the Epstein indictment, citing "extensive public interest in the basis for the [FBI Memo's] conclusions" and noting that "transparency to the American public is of the utmost importance."[28]

49. DOJ's 2024 Annual FOIA Report indicates that CRM, as of the time of the report, had 1,024 pending FOIA requests, with the oldest outstanding dating back to 2015.[29] The Annual Report also indicates that it can take CRM 2,194 days, or more than *six* years to respond to requests. Exhibit E at 45.

50. Without expedited processing, CRM's response to DDF's FOIA requests is likely to take years, significantly undermining, if not eliminating, the purpose and value of the response.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

51. To date, CRM has failed to notify DDF of any determination regarding its FOIA requests, including the scope of any responsive records the agency intends to produce or withhold and the reasons for any withholdings within the statutory timeline. CRM has also failed to produce the requested records or demonstrate that the requested records are lawfully exempt from production within the statutory timeline. Additionally, CRM has failed to respond to DDF's requests for fee waivers within the statutory timeline.

---

[28] United States' Motion to Unseal Grand Jury Transcripts at 1, *United States v. Epstein*, No. 1:19-cr-490 (S.D.N.Y. July 18, 2025), ECF No. 61, https://www.courtlistener.com/docket/15887848/61/united-states-v-epstein/.

[29] DOJ, Annual Freedom of Information Act Report (2024) at 54, 58, https://www.justice.gov/oip/department-justice-annual-foia-report-fy-2024 ("Exhibit E").

52. Through CRM's failure to respond to DDF's FOIA requests within the time period required by law, DDF has exhausted its administrative remedies and now seeks immediate judicial review. *See* 5 U.S.C. § 552(6)(C)(i)

## CAUSES OF ACTION

### COUNT I

**Violation of the Freedom of Information Act, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

53. Plaintiff reasserts and re-alleges each and every allegation set forth above as if each was set forth herein.

54. DDF properly requested records within the possession, custody, and control of the Defendant.

55. DOJ is an agency subject to and within the meaning of FOIA, and it must therefore make reasonable efforts to search for requested records.

56. DOJ has failed to promptly and adequately search for records responsive to DDF's FOIA requests.

57. DOJ's failure to conduct adequate searches for responsive records violates FOIA.

58. DDF has exhausted the applicable administrative remedies with respect to Defendant's wrongful failure to make reasonable efforts to search for the requested records.

59. DDF is therefore entitled to injunctive and declaratory relief requiring DOJ to promptly make reasonable efforts to search for records responsive to DDF's FOIA requests.

## COUNT II

**Violation of the Freedom of Information Act, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

60. Plaintiff reasserts and re-alleges each and every allegation set forth above as if each was set forth herein.

61. DDF properly requested records within the possession, custody, and control of Defendant.

62. DOJ is an agency subject to and within the meaning of FOIA, and it must release non-exempt portions of records requested under FOIA.

63. DOJ is wrongfully withholding non-exempt agency records requested by DDF by failing to produce non-exempt records responsive to its FOIA requests.

64. DOJ is wrongfully withholding non-exempt agency records requested by DDF by failing to segregate exempt information in otherwise non-exempt records responsive to DDF's FOIA requests.

65. DOJ's failure to provide all non-exempt responsive records violates FOIA.

66. DDF has exhausted the applicable administrative remedies with respect to Defendants' wrongful failure to make reasonable efforts to search for the requested records.

67. DDF is therefore entitled to declaratory and injunctive relief requiring DOJ to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**COUNT III**

**Violation of the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(A)**
**Failure to Grant Requests for Waiver of Fees**

68. Plaintiff reasserts and re-alleges each and every allegation set forth above as if each was set forth herein.

69. DDF timely requested fee waivers for the production of responsive records because it intends to use these records to educate and inform the general public on the Epstein Files that mention President Trump and Mar-a-Lago, and DDF is a non-commercial requester.

70. DOJ failed to respond to DDF's requests for fee waiver within the statutory time frame.

71. DDF has exhausted the applicable administrative remedies with respect to Defendants' wrongful failure to make reasonable efforts to search for the requested records.

72. DDF is therefore entitled to declaratory and injunctive relief as to Plaintiff's requests for a fee waiver.

**COUNT IV**

**Violation of the Freedom of Information Act, 5 U.S.C. § 552**
**Failure to Grant Expedited Processing**

73. Plaintiff reasserts and re-alleges each and every allegation set forth above as if each was set forth herein.

74. By failing to grant Plaintiff's requests for expedited processing on Plaintiff's FOIA requests concerning matters of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence, 28 C.F.R. § 16.5(e)(1)(iv), and national urgent need to inform the public, 5 U.S.C. § 552(a)(6)(E)(iii), Defendant has violated FOIA.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff requests that this Court:

(1) Order DOJ to conduct a search or searches reasonably calculated to uncover all records responsive to DDF's FOIA requests;

(2) Order DOJ to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to DDF's FOIA requests with indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin DOJ from continuing to withhold any and all non-exempt records responsive to DDF's FOIA requests;

(4) Order DOJ to grant DDF's fee waiver requests in connection with its FOIA requests;

(5) Provide for expedited proceedings in this action;

(6) Award DDF the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(7) Grant DDF such other relief as the Court deems just and proper.

Dated: September 11, 2025

Respectfully submitted,

*/s/ Taryn Wilgus Null*
Taryn Wilgus Null (# 985724)
Norman L. Eisen (#435051)
Tianna Mays (# 90005882)
Pooja Chaudhuri (# 888314523)
Jacob Kovacs-Goodman (# 90032363)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE, No. 15180
Washington, DC 20003
(202) 594-9958
Norman@democracydefenders.org
Taryn@democracydefenders.org
Tianna@democracydefenders.org
Pooja@democracydefenders.org
Jacob@democracydefenders.org

*Attorneys for Plaintiff*