## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY DEFENDERS FUND<br>600 Pennsylvania Avenue SE, #15180<br>Washington, DC 20003<br><br>*Plaintiff*,<br><br> v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br> *Defendant*. | Civil Action No. 25-cv-02791 (CKK) |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE
### SECOND AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Democracy Defenders Fund moves for this Court to grant it leave to file a Second Amended Complaint. Pursuant to Local Rule 7(m), Plaintiff's counsel discussed the Second Amended Complaint with Defendant's counsel to determine whether Defendant is opposed to the Second Amended Complaint. Defendant's counsel is unopposed to Plaintiff filing the Second Amended Complaint.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ 3

BACKGROUND ............................................................................................................... 4

PROPOSED SECOND AMENDED COMPLAINT ..................................................... 5

ARGUMENT ................................................................................................................... 5

CONCLUSION ................................................................................................................ 6

## TABLE OF AUTHORITIES

**Cases**                                           **Page(s)**

*Belizan v. Hershon*,
   434 F.3d 579 (D.C. Cir. 2006) ................................................................................. 5

*Foman v. Davis*,
   371 U.S. 178 (1962) ................................................................................................. 5

**Statutes**

5 U.S.C. § 552 ................................................................................................................. 4

**Rules**

Fed. R. Civ. P. 15(A) ................................................................................................... 5,6

## BACKGROUND

This action concerns multiple requests for documents under the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552. Democracy Defenders Fund ("Plaintiff" or "DDF") is seeking information from the Department of Justice's ("DOJ") investigative files of Jeffrey Epstein and Ghislaine Maxwell that mention President Trump or his home in Mar-a-Lago.

On July 22, 2025, DDF filed a Freedom of Information Act ("FOIA") request with the Criminal Division ("CRM") of DOJ seeking these files in order to provide the public information on actual or alleged federal government activity.

DDF filed a second FOIA request with CRM on July 28, 2025, seeking additional files related to communications and records concerning Epstein and Maxwell and actions taken by DOJ to review and make decisions about whether to disseminate such files. On the same day, DDF also filed a FOIA request seeking files containing the same types of records from the Office of Attorney General ("OAG") and the Office of the Deputy Attorney General ("DAG"). DDF also requested expedited processing for this request.

On August 21, 2025, DDF filed its complaint ("Original Complaint"). The Original Complaint included causes of action for failure to conduct adequate searches for responsive records, wrongful withholding of non-exempt responsive records, failure to grant request for waiver of fees, and failure to grant expedited processing regarding the July 22, 2025 FOIA request.

On September 11, 2025, DDF filed its Amended Complaint as a matter of right. The Amended Complaint included the same four causes of action but added in the second FOIA request that DDF submitted to CRM on July 28, 2025.

On September 22, 2025, counsel for DOJ, Jason Altabet, filed a notice of appearance and an Unopposed Motion for an Extension of Time to Respond to Plaintiff's Amended Complaint. ECF Nos. 10, 11.

On September 25, 2025, this Court granted DOJ's Motion for Extension of Time to File Answer to Plaintiff's Amended Complaint.

Additionally, this Court has not yet issued a scheduling order for this case.

DDF informed DOJ of its intention to move for leave to amend the Amended Complaint on September 23, 2025 and DOJ informed DDF on September 24, 2025, that it does not object to DDF's motion seeking leave to amend the current complaint.

## PROPOSED SECOND AMENDED COMPLAINT

The proposed Second Amended Complaint, attached here as **Exhibit A**, would amend the factual allegations to include additional FOIA requests and incorporate the July 28, 2025 request submitted to the OAG and DAG into the four existing causes of action.

## ARGUMENT

"The court should freely give leave," to amend, "when justice so requires." Fed. R. Civ. P. 15(A)(2). Application of this rule is to be liberally construed. *Belizan v. Hershon*, 434 F.3d 579, 582 (D.C. Cir. 2006). Thus, leave to amend should be freely given absent any undue delay, bad faith on the part of the movant, repeated failure to cure deficiencies, or undue prejudice to the opposing party. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Applying this standard here, this Court should grant DDF leave to file the Second Amended Complaint for the following reasons:

First, there is no undue delay. This motion for leave to amend is timely. This Court has not issued a scheduling order. This Court has also just granted DOJ's Motion for Extension of Time to File Answer in anticipation of DDF filing its Second Amended Complaint. Additionally, the Federal Rules do not have a deadline for filing a motion for leave to amend.

Second, there is no bad faith on behalf of DDF. DDF submitted FOIA requests in late July. Based on recent developments and a September 17, 2025 conversation with DOJ's Office of Policy

(OIP") regarding the scope of its FOIA request to the OAG and DAG, DDF only recently determined that it was now prudent to include these additional requests. DDF has endeavored to file this motion and request leave to amend as soon as possible.

Third, there has been no failure on behalf of DDF to cure deficiencies with this or the previously amended complaint. In fact, there were no stated deficiencies with DDF's Original Complaint or Amended Complaint. The amendments in the Amended Complaint and the proposed amendments in the Second Amended Complaint are all factual and only serve to include an additional, identical request in the scope of this action. DDF's Original Complaint and Amended Complaint each meet all procedural requirements and are capable of standing alone.

Lastly, DDF's Second Amended Complaint will not impose any undue prejudice on DOJ. This Court has extended DOJ's deadline to file an answer to October 27, 2025, and DOJ is unopposed to DDF filing its Second Amended Complaint.

## <u>CONCLUSION</u>

For the above reasons, DDF's Motion for Leave to File the Proposed Second Amended Complaint should be granted pursuant to Rule 15(A).

Dated: October 3, 2025

Respectfully submitted,


*/s/ Taryn Wilgus Null*
Taryn Wilgus Null (# 985724)
Norman L. Eisen (#435051)
Tianna Mays (# 90005882)
Pooja Chaudhuri (# 888314523)
Jacob Kovacs-Goodman (# 90032363)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE, No. 15180
Washington, DC 20003
(202) 594-9958
Norman@democracydefenders.org
Taryn@democracydefenders.org
Tianna@democracydefenders.org
Pooja@democracydefenders.org
Jacob@democracydefenders.org

*Attorneys for Plaintiff*

**LOCAL RULE 7(m) CERTIFICATE**

I, Taryn Wilgus Null, Counsel for plaintiff in this matter, hereby certify that counsel for plaintiff and counsel for defendant conferred via Zoom on September 23, 2025, with respect to the relief requested in this motion. Counsel for DOJ is unopposed to DDF filing this Motion for Leave to Amend and unopposed to DDF filing a Second Amended Complaint.

*/s/ Taryn Wilgus Null*

**CERTIFICATE OF SERVICE**

I, Taryn Wilgus Null, counsel for plaintiff in this matter, hereby certify that I caused a copy of the foregoing to be served by electronic mail and U.S. mail on counsel of record in this action on October 3, 2025.

*/s/ Taryn Wilgus Null*
Taryn Wilgus Null (# 985724)