IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY DEFENDERS FUND,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>*Defendant*. | Civil Action No. 25-cv-02791 |

## PLAINTIFF'S UNOPPOSED MOTION FOR EXPEDITED CONSIDERATION AND JOINT PROPOSED BRIEFING SCHEDULE[1]

Pursuant to 28 U.S.C. § 1657, Plaintiff Democracy Defenders Fund ("DDF") respectfully requests this Court provide expedited consideration of DDF's Motion for Summary Judgment, which concerns DDF's entitlement to expedited processing of its Freedom of Information Act ("FOIA") requests on the Trump Administration's handling of the Jeffrey Epstein case and case files. *See* ECF No. 15. Expedited consideration of DDF's Summary Judgment Motion by this Court accords with the directives of both the Federal Courts Civil Priorities Act, 28 U.S.C. § 1657, and the FOIA, 5 U.S.C. § 552, and there is "good cause" to expedite consideration here given the special "public interest" in the subject matter of DDF's FOIA requests. Finally, because this case presents a discrete issue— expedited processing under a single regulatory provision— expedited consideration will not unduly burden Defendant or the Court.

---

[1] This Motion is virtually identical to the motion filed by the plaintiff in a similar case pertaining to records about Jeffrey Epstein, Pl.'s Unopposed Mot. Exp. Consideration & J. Briefing Sched., ECF No. 6 (filed Aug. 13, 2025), *Democracy Fwd. Found. v. Dep't of Justice*, No. 25-2597 (D.D.C.), which was granted by Judge Chutkan the same day.

First, as a court in this district has noted, the Federal Courts Civil Priorities Act "encourages priority for FOIA cases." *See Comm. on Ways & Means, U.S. H.R. v. U.S. Dep't of the Treasury*, No. 19-cv-1974 (TNM), 2019 WL 4094563, at *1 (D.D.C. Aug. 29, 2019) (noting that the Act "specif[ies] claims under 5 U.S.C. § 552 [FOIA] as an example in which good cause for expediting may exist," before noting that "Congress has authorized no similar fast-track" for the non-FOIA claim then at bar). The text of the Act instructs: "[T]he court shall expedite the consideration of any action . . . if good cause . . . is shown." 28 U.S.C. § 1657(a). It specifically states "'good cause' is shown if a right . . . under section 552 of title 5"—which comprises the statutory provisions of FOIA—"would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.* Congress intended that this "'good cause' provision be liberally construed by the courts in granting requests for expedited consideration under the Freedom of Information Act." *Ferguson v. F.B.I.*, 722 F. Supp. 1137, 1144 (S.D.N.Y. 1989) (quoting H.R. Rep. 5782 No. 98-985, at 6 (1984), reprinted in 1984 U.S.C.C.A.N. 5708, 5784 ("Civil Priorities Act Report")); *Brennan Ctr. for Just. at N.Y.U. Sch. of L. v. U.S. Dep't of State*, 300 F. Supp. 3d 540, 547 (S.D.N.Y. 2018) (quoting same).

Second, this is a case where "a right under the . . . [FOIA] would be maintained" by granting expedited court consideration, *see* 28 U.S.C. § 1657(a), because the FOIA instructs agencies to provide for expedited processing of certain FOIA requests. Indeed, the D.C. Circuit has recognized that FOIA's expedited processing provision "underline[s] Congress' recognition of the value in hastening release of certain information." *Edmonds v. F.B.I.*, 417 F.3d 1319, 1324 (D.C. Cir. 2005). Pursuant to FOIA's directive, Defendant U.S. Department of Justice ("DOJ") afforded FOIA requesters a right to expedited processing in cases where their requests involve a "matter of widespread and exceptional media interest in which there exist possible questions

2

about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv). Plaintiff's Motion for Summary Judgment submits that DDF is entitled to expedited processing under this provision as a matter of law. *See* ECF No. 15 at 1. Expedited court consideration of Plaintiff's Motion would serve the purpose of FOIA in providing for expedited processing: ensuring prompt public access to information on matters of intense public interest that raise concerns about the government's integrity. *See* 5 U.S.C. § 552(a)(6)(E)(i)(II); 28 C.F.R. § 16.5(e)(1)(iv). By contrast, extended delay in resolving the issue of DDF's right to expedited processing under FOIA would defeat the very purpose for which Plaintiff seeks relief.

Third, this case presents "a factual context that indicates that a request for expedited consideration has merit," 28 U.S.C. § 1657(a), given the special "public interest" in the subject matter of DDF's FOIA requests. Courts construing the "factual context" language of § 1657(a) have explained "Congress contemplated" that "[l]itigants who can persuasively assert that there is a special public or private interest in expeditious treatment of their case will be able to use the general expedition provision." *Freedom Commc'ns, Inc. v. F.D.I.C.*, 157 F.R.D. 485, 487 (C.D. Cal. 1994) (quoting Civil Priorities Act Report at 5782). Few topics have received more extraordinary levels of public interest than the Trump Administration's handling of the Epstein matter—the topic of the FOIA requests for which DDF seeks expedited processing via its Motion for Summary Judgment. *See* ECF No. 15-2 at 6-10. DDF submitted twenty-four news articles to the agency in support of its yet unanswered requests for expedited processing. *See* ECF No. 15-3 (Null Declaration) ¶¶ 12-36. Media outlets report "[t]he controversy over transparency and accountability in the Epstein investigation remains a focal point for the public, with polls indicating *most Americans*—across party lines—believe the government is concealing evidence related to the case." *See* Anna Commander, *Republican Targeted by Trump Says Epstein Issue*

3

*'Not Going to Go Away*, NEWSWEEK (July 23, 2025, at 5:49 PM EDT), https://perma.cc/8YHB-FUNE (emphasis added)). An issue causing "most Americans" to doubt the veracity of their government is plainly a matter of special "public interest." *See id.*; 5 U.S.C. § 552.

In sum, the Civil Priorities Act instructs courts to expedite consideration of an action if a right under FOIA would be maintained in a factual context where there is a special public interest in expeditious treatment of the case. *See* 28 U.S.C. § 1657(a); Civil Priorities Act Report at 5782. Expedited consideration of DDF's Motion for Summary Judgment by this court would maintain DDF's right to expedited processing of its requests under FOIA and would serve the special public interest arising from high-ranking officials' apparent inconsistencies and conflicts of interest in handling a matter concerning the most serious of crimes: sex-trafficking of minors.

Defendant does not oppose Plaintiff DDF's motion for expedited consideration and the parties jointly agree to the following briefing schedule to resolve the motion:

• Defendant's Opposition and any Cross-Motion: by December 11, 2025

• Plaintiff's Reply and any Opposition: by December 22, 2025

Further, the parties propose and agree that the Defendant's Answer deadline may be held in abeyance until after the Court resolves Plaintiff's Motion for Summary Judgment on the issue of expedited processing.

For the reasons stated herein, DDF respectfully requests the Court expedite consideration of its Motion for Summary Judgment. A proposed order is attached.

Dated: November 17, 2025                                Respectfully submitted,

                                                        */s/ Taryn Wilgus Null*
                                                        Taryn Wilgus Null (# 985724)
                                                        Norman L. Eisen (# 435051)
                                                        Tianna Mays (# 90005882)

4

                              Pooja Chaudhuri (# 888314523)
                              Jacob Kovacs-Goodman (# 90032363)
                              DEMOCRACY DEFENDERS FUND
                              600 Pennsylvania Avenue SE, No. 15180
                              Washington, DC 20003
                              (202) 594-9958
                              Norman@democracydefenders.org
                              Taryn@democracydefenders.org
                              Tianna@democracydefenders.org
                              Pooja@democracydefenders.org
                              Jacob@democracydefenders.org