IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY DEFENDERS FUND<br>600 Pennsylvania Avenue SE, #15180<br>Washington, DC 20003<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>*Defendant*. | Civil Action No. 25-cv-02791 |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Democracy Defenders Fund moves for this Court to grant it leave to file a Third Amended Complaint. Pursuant to Local Rule 7(m), Plaintiff's counsel discussed the Third Amended Complaint with Defendant's counsel to determine whether Defendant is opposed to the Third Amended Complaint. Defendant's counsel is unopposed to Plaintiff adding the requests identical in content to the requests that are already part of this case and that were merely sent to different components. Thus, Defendant does not oppose Plaintiff amending the complaint to add the July 22 and 28 requests sent to the Federal Bureau of Investigations ("FBI") and the Executive Office for United States Attorneys ("EOUSA"). Defendant does oppose Plaintiff amending the complaint to add non-identical requests, so it opposes Plaintiff amending the complaint to add August 6 requests sent to the Office of Attorney General ("OAG"), the Office of the Deputy Attorney General ("DAG"), and the Federal Bureau of Prisons ("BOP").

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................3

BACKGROUND .................................................................................................................4

PROPOSED THIRD AMENDED COMPLAINT ...............................................................5

ARGUMENT........................................................................................................................6

CONCLUSION.....................................................................................................................7

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                    **Page(s)**

*Belizan v. Hershon*,
  434 F.3d 579 (D.C. Cir. 2006) ............................................................................................... 6

*Foman v. Davis*,
  371 U.S. 178 (1962) ............................................................................................................... 6

**Statutes**

5 U.S.C. § 552 ............................................................................................................................. 5

**Rules**

Fed. R. Civ. P. 15(A) ............................................................................................................. 6, 7

**BACKGROUND**

This action concerns multiple requests for documents under the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552. Democracy Defenders Fund ("Plaintiff" or "DDF") is seeking information from the Department of Justice's ("DOJ") investigative files of Jeffrey Epstein and Ghislaine Maxwell that mention President Trump or his home in Mar-a-Lago.

On July 22, 2025, DDF filed Freedom of Information Act ("FOIA") requests with the Criminal Division ("CRM") of DOJ, the Executive Office for United States Attorneys ("EOUSA") of DOJ, and the Federal Bureau of Investigation ("FBI") seeking related investigative records in order to provide the public information on actual or alleged federal government activity.

DDF filed a second set of FOIA requests with CRM, the Office of Attorney General ("OAG"), the Office of the Deputy Attorney General ("DAG"), the EOUSA, and the FBI on July 28, 2025, seeking additional files related to communications and records concerning Jeffrey Epstein and Ghislaine Maxwell and actions taken by DOJ to review and make decisions about whether to disseminate such files. DDF also requested expedited processing for these requests.

On August 6, 2025, DDF filed FOIA requests with ODAG, OAG, and the Federal Bureau of Prisons ("BOP"). These requests sought records and communications related to Ghislaine Maxwell's transfer to Federal Prison Camp Bryan.

On August 21, 2025, DDF filed its complaint ("Original Complaint"). The Original Complaint included causes of action for failure to conduct adequate searches for responsive records, wrongful withholding of non-exempt responsive records, failure to grant request for waiver of fees, and failure to grant expedited processing regarding the July 22, 2025 FOIA request to CRM.

On September 11, 2025, DDF filed its Amended Complaint as a matter of right. The Amended Complaint included the same four causes of action but added in the second FOIA requests that DDF submitted to CRM on July 28, 2025.

On September 22, 2025, counsel for DOJ, Jason Altabet, filed a notice of appearance and an Unopposed Motion for an Extension of Time to Respond to Plaintiff's Amended Complaint. ECF Nos. 10, 11. On September 25, 2025, this Court granted the DOJ's Motion.

On October 8, 2025, DDF filed a Second Amended Complaint against DOJ. The Second Amended Complaint incorporated the July 28, 2025 requests submitted to the OAG and DAG into the factual allegations and the four existing causes of action.

DDF informed DOJ of its intention to move for leave to amend the Third Amended Complaint on December 1, 2025, and DOJ informed DDF on December 3, 2025, that it does not object to DDF's motion to the extent it adds requests identical in content to the requests that are already part of this case and that were merely sent to different components (*i.e.*, the July 22 and 28 requests to EOUSA and FBI) but does oppose adding requests not identical to requests already in the case (*i.e.*, the August 6 requests to OAG, ODAG, and BOP).

Additionally, this Court has not yet issued a scheduling order for this case.

## **PROPOSED THIRD AMENDED COMPLAINT**

The proposed Third Amended Complaint, attached here as **Exhibit A**, would amend the factual allegations to include additional FOIA requests and incorporate the July 22, 2025 requests submitted to the EOUSA and the FBI; the July 28, 2025 requests submitted to the EOUSA and the FBI; and the August 6, 2025 requests submitted to ODAG, OAG, and the BOP into the four existing causes of action. The proposed Third Amended Complaint would also include information

(1) on DDF's efforts to resolve the requests with certain DOJ components, including DDF's attempts to narrow some of the requests, and (2) news updates relevant to the FOIA requests.

## ARGUMENT

"The court should freely give leave," to amend, "when justice so requires." Fed. R. Civ. P. 15(a)(2). Application of this rule is to be liberally construed. *Belizan v. Hershon*, 434 F.3d 579, 582 (D.C. Cir. 2006). Thus, leave to amend should be freely given absent any undue delay, bad faith on the part of the movant, repeated failure to cure deficiencies, or undue prejudice to the opposing party. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Applying this standard here, this Court should grant DDF leave to file the Third Amended Complaint for the following reasons:

First, there is no undue delay. This motion for leave to amend is timely. This Court has not issued a scheduling order. Additionally, the Federal Rules do not have a deadline for filing a motion for leave to amend.

Second, there is no bad faith on behalf of DDF. DDF submitted its original FOIA requests in late July. The requests related to Ghislaine Maxwell's prison transfer were filed in early August, shortly after news of the transfer was published. Based on recent developments, including a lack of follow-up communication from agencies with pending requests, DDF only recently determined that it was now prudent to include these additional requests. DDF has endeavored to file this motion and request leave to amend as soon as possible.

Third, there has been no failure on behalf of DDF to cure deficiencies with this or the previously amended complaints. In fact, there were no stated deficiencies with DDF's Original Complaint, Amended Complaint, or Second Amended Complaint. The amendments in the Amended Complaint, Second Amended Complaint, and the proposed amendments in the Third Amended Complaint are all factual and only serve to include additional requests within the scope

6

of this action. DDF's Original Complaint, Amended Complaint, Second Amended Complaint, and Third Amended Complaint each meet all procedural requirements and are capable of standing alone.

Lastly, DDF's Third Amended Complaint will not impose any undue prejudice on DOJ. The Court's November 19 Order held Defendant's deadline for responding to the Complaint in abeyance until the Court resolves Plaintiff's Motion for Summary Judgment. ECF No. 18. Additionally, DOJ is unopposed to DDF adding the July 22 and 28 requests to EOUSA and FBI. Although DOJ does oppose adding the August 6 requests to OAG, ODAG, and BOP, those requests are closely related to the other requests already being litigated in this case, so it would be an efficient use of court and party resources to litigate them in this lawsuit rather than a separate lawsuit. *See, e.g.*, *Costa v. Bazron*, No. CV 19-3185 (RDM), 2020 WL 1935524, at *2 (D.D.C. Apr. 22, 2020) (granting motion to supplement the complaint on the grounds that "litigating [the related] issues in this suit would not be more burdensome, and might be less burdensome, than litigating the same issues in a separate case"); *The Fund For Animals v. Hall*, 246 F.R.D. 53, 55 (D.D.C. 2007) ("The interests of judicial economy and convenience would be served where, as here, the plaintiffs' motion to supplement their complaint raises similar legal issues to those already before the court, thereby averting a separate, redundant lawsuit." (citation omitted)).

## CONCLUSION

For the above reasons, DDF's Motion for Leave to File the Proposed Third Amended Complaint should be granted pursuant to Rule 15(A).


Dated: December 4, 2025

Respectfully submitted,

/s/ *Taryn Wilgus Null*
Taryn Wilgus Null (# 985724)
Norman L. Eisen (#435051)
Tianna Mays (# 90005882)
Pooja Chaudhuri (# 888314523)
Jacob Kovacs-Goodman (# 90032363)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE, No. 15180
Washington, DC 20003
(202) 594-9958
Norman@democracydefenders.org
Taryn@democracydefenders.org
Tianna@democracydefenders.org
Pooja@democracydefenders.org
Jacob@democracydefenders.org

*Attorneys for Plaintiff*

**LOCAL RULE 7(m) CERTIFICATE**

I, Taryn Wilgus Null, Counsel for plaintiff in this matter, hereby certify that counsel for Plaintiff and counsel for Defendant conferred via telephone on December 1, 2025, with respect to the relief requested in this motion. Counsel for DOJ is unopposed to DDF's motion to the extent it adds requests identical in content to the requests that are already part of this case and that were merely sent to different components (*i.e.*, the July 22 and 28 requests to EOUSA and FBI) but does oppose adding requests not identical to requests already in the case (*i.e.*, the August 6 requests to OAG, ODAG, and BOP).

/s/ *Taryn Wilgus Null*