**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE, #15180
Washington, DC 20003

Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue NW
Washington, DC 20530

*Defendant.*

Civil Action No. 25-cv-02791 (CKK)

**NOTICE REGARDING DOJ COMPLIANCE WITH
EPSTEIN FILES TRANSPARENCY ACT**

Plaintiff Democracy Defenders Fund ("DDF") respectfully submits this notice to the

Court to explain that the documents publicly produced by Defendant Department of Justice

("Department" or "DOJ") pursuant to the Epstein Files Transparency Act ("EFTA"), Pub. L. 119-

38, 139 Stat. 656 (Nov. 19, 2025),[1] do not satisfy DOJ's obligation to respond to DDF's Freedom

of Information Act ("FOIA") requests. There is overlap between the documents requested by

DDF in the FOIA requests at issue in this lawsuit and the documents publicly released pursuant

to EFTA. DDF's review of the publicly released records reveals, however, that many records

requested in the FOIA requests underlying this action were not provided in response to the

Defendant's obligations under EFTA. Notwithstanding, DOJ represented to DDF in a March 11,

---

[1] *See Department of Justice Publishes 3.5 Million Responsive Pages in Compliance with the Epstein Files Transparency Act*, U.S. Dep't of Justice (Jan. 30, 2026), https://www.justice.gov/opa/pr/department-justice-publishes-35-million-responsive-pages-compliance-epstein-files.

1

2026 letter that constituted a final response to DDF's July 22, 2025 FOIA request to the Executive Office of the United States Attorneys ("EOUSA") seeking investigative files of Jeffrey Epstein and Ghislaine Maxwell that mentioned Trump, that DOJ "has disclosed all non-exempt materials responsive to the [EFTA]." *See* Ex. 1 (Mar. 11, 2026 letter to Gabriel Lezra from Andrew Fiorillo). Defendant's public release of files under EFTA is not, however, sufficient for several reasons. First, DDF's review of the publicly released documents reveals that documents responsive to DDF's FOIA requests were not disclosed under EFTA. Second, DOJ has itself advised that it has not disclosed three million pages of records from the Epstein Files, some which may be responsive to DDF's FOIA requests.[2] Third, public reporting identifies that there were significant deficiencies in the Department's release of files under EFTA, including withholding of documents related to President Trump.[3] Fourth, the Defendant has provided no information about which exemptions were relied upon to redact or withhold documents in the EFTA release and DDF has received no explanation of how those exemptions accord with the Plaintiff's rights under the FOIA. Therefore, the FOIA requests at issue in this case remain ripe, as does Plaintiff's Motion for Summary Judgment, which has been fully briefed since December 22, 2025.

**Background**

EFTA was signed into law by President Trump on November 19, 2025, after passing by unanimous consent in the Senate and by an overwhelming vote of 427-1 in the House of

---

[2] *See* Rebecca Beitsch, *Blanche: Epstein files 'should not be a part of anything going forward' at DOJ*, The Hill (Apr. 3, 2026), https://thehill.com/policy/national-security/5814657-jeffrey-epstein-files-todd-blanche/:/.

[3] *See* Stephen Fowler, *Justice Department withheld and removed some Epstein files related to Trump*, NPR (Feb. 24, 2026), https://www.npr.org/2026/02/24/nx-s1-5723968/epstein-files-trump-accusation-maxwell.

2

Representatives. Pursuant to section 2(a) of EFTA, DOJ was required to "make available in a searchable and downloadable format all unclassified records" covered by the law by December 19, 2025.

Records required to be released under section 2(a) of EFTA include "all unclassified records, documents, communications, and investigative materials" that "relate to" one of the following nine categories, subject to limited exceptions:

- Jeffrey Epstein including all investigations, prosecutions, or custodial matters.

- Ghislaine Maxwell.

- Flight logs or travel records, including but not limited to manifests, itineraries, pilot records, and customs or immigration documentation, for any aircraft, vessel, or vehicle owned, operated, or used by Jeffrey Epstein or any related entity.

- Individuals, including government officials, named or referenced in connection with Epstein's criminal activities, civil settlements, immunity or plea agreements, or investigatory proceedings.

- Entities (corporate, nonprofit, academic, or governmental) with known or alleged ties to Epstein's trafficking or financial networks.

- Any immunity deals, non-prosecution agreements, plea bargains, or sealed settlements involving Epstein or his associates.

- Internal DOJ communications, including emails, memos, meeting notes, concerning decisions to charge, not charge, investigate, or decline to investigate Epstein or his associates.

- All communications, memoranda, directives, logs, or metadata concerning the destruction, deletion, alteration, misplacement, or concealment of documents,

3

recordings, or electronic data related to Epstein, his associates, his detention and death, or any investigative files.

- Documentation of Epstein's detention or death, including incident reports, witness interviews, medical examiner files, autopsy reports, and written records detailing the circumstances and cause of death.

To date, the Defendant has published around 2.7 million pages pursuant to EFTA in an "Epstein Library" hosted on the webpage of the Department of Justice.[4]

## **Review of Epstein Library**

Record categories required to be disclosed by the Defendant under EFTA overlap with DDF's FOIA requests. To assess whether Defendant had provided records responsive to DDF's request through EFTA, DDF utilized the e-Discovery platform "Relativity" to collect, process, and review documents DOJ placed in the Epstein Library. DDF staff have performed extensive review of the records produced by DOJ in both the Epstein Library and in our own e-Discovery platform. Given the size of the document database and potential issues with DOJ optical character recognition, it is possible that a subset of emails exist in the Epstein Library that were not retrieved in DDF's searches discussed below.

### *Communications*

On July 28, 2025, DDF submitted several FOIA requests to DOJ components seeking records related to communications and meetings between high-level Department officials concerning Epstein and Maxwell, communications discussing how to search for and deal with

---

[4] *See Epstein Library*, U.S. Dep't of Justice, https://www.justice.gov/epstein (last visited Apr. 15, 2026).

records naming Trump, and any records concerning people who might have been clients or associates of Jeffrey Epstein.[5]

Media reporting strongly suggests that such documents exist, given the reported communications among high-level officials regarding how to address records that mention Trump in the Epstein Files. In February 2025, Attorney General Bondi said in an interview with Fox News that the Epstein client list was, "sitting on my desk right now to review."[6] It was later reported that Attorney General Bondi assigned nearly 1,000 FBI officials to comb through tens of thousands of pages of documents related to Epstein to flag mentions of the President.[7] Then in July, the Department issued a memo noting, "this systematic review revealed no incriminating 'client list.'"[8] However, the Wall Street Journal has reported that the Attorney General personally briefed the President on instances of his name appearing in documents related to Jeffrey Epstein in May.[9]

To assess whether records between high-level officials were produced under EFTA, DDF searched the DOJ Epstein Library on February 1, 2026, using the library's native search engine and replicated searches during the week of February 2, 2026, with the use of Relativity. DDF's review focused on records from Attorney General Bondi, Deputy Attorney General Todd

---

[5] Descriptions of DDF's FOIA requests are provided for illustrative purposes. The actual request language is contained in the Exhibits to DDF's third amended complaint, filed with the court on December 4, 2025. ECF No. 19-1.

[6] Nadine Yusif, *Trump says US attorney general should release any 'credible' information on Epstein*, BBC (Jul. 16, 2025), https://www.bbc.com/news/articles/ckgl4dl334go.

[7] Alexander Bolton, *Durbin: FBI Agents were Told to 'Flag' Epstein Records that Mention Trump*, The Hill (July 18, 2025), https://thehill.com/homenews/senate/5409002-trump-epstein-files-ag-bondi-patel-bongino-fbi-agents-durbin-wall-street-journal/.

[8] US Department of Justice, Memo on Epstein Investigation, Jul. 2025, https://www.justice.gov/opa/media/1407001/dl?inline.

[9] Sadie Gurman, et al., *Justice Department Told Trump in May that His Name is Among Many in the Epstein Files*, Wall Street J. (July 23, 2025), https://www.wsj.com/politics/justice-department-told-trump-name-in-epstein-files-727a8038?mod=hp_trendingnow_article_pos1.

Blanche, and FBI Director Kash Patel. The search focused on email address usernames, display names, and signature blocks. Based on these searches, DDF only uncovered two documents that had FBI Director Patel's email display name.  *See* EFTA nos. 163684,1656248. We did not identify emails that had AG Bondi or DAG Blanche's email display name. FBI Director Patel was named in a handful of internal FBI emails, but we could not identify if he was a recipient of those communications as a result of redactions. *See* EFTA nos. 164742, 163485. In addition, there were some emails that appear to be from one or more Epstein victims or other members of the public that reference AG Bondi and FBI Director Patel, but DDF could not identify if they were a recipient as a result of redactions. *See, e.g.*, EFTA no. 144128. Finally, several emails to Todd Blanche were identified that appear to be from when he was in private practice. *See* EFTA nos. 85765, 92801, 98837, 98838.

Based on the public reporting about the internal DOJ communications about how to handle mentions of Trump's name in the Epstein Files, it is implausible that the emails identified by DDF's review are the only communications responsive to DDF's July 28, 2025 FOIA requests. If there are responsive documents for which DOJ asserts a FOIA exemption under 5 U.S.C. § 552, FOIA requires that:

> Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection. The amount of information deleted, and the exemption under which the deletion is made, shall be indicated on the released portion of the record, unless including that indication would harm an interest protected by the exemption in this subsection under which the deletion is made. If technically feasible, the amount of the information deleted, and the exemption under which the deletion is made, shall be indicated at the place in the record where such deletion is made.

5 U.S.C. § 552(b). Similarly, section 3 of EFTA requires that:

6

> Within 15 days of completion of the release required under Section 2, the Attorney General shall submit to the House and Senate Committees on the Judiciary a report listing:
>
> (1) All categories of records released and withheld.
>
> (2) A summary of redactions made, including legal basis.

Pub. L. 119-38, 139 Stat. 656. DOJ did not comply with this provision of EFTA and has not otherwise communicated to DDF information about any documents that have been withheld.[10] Given the public reporting, there must be more documents responsive to DDF's FOIA request than the handful of documents DDF uncovered during its review of the publicly released documents. Because DOJ failed to disclose those documents or properly allege exemptions pursuant to 5 U.S.C. § 552(b), it has not complied with FOIA.

*Maxwell Prison Transfer*

On August 6, 2025, DDF submitted FOIA requests to several DOJ components seeking records related to the transfer of Ghislane Maxwell to Federal Prison Camp Bryan and the waiver of Bureau of Prisons policies concerning the housing of convicted sex offenders in minimum security institutions. In March 2026, DDF staff conducted a search on Relativity for records related to the transfer of Ghislaine Maxwell to Federal Prison Camp Bryan. DDF searched for the terms related to Federal Prison Camp Bryan, including "Federal Prison Camp" "FPC" and "FPC Bryan," and "Tanisha Hall," the warden of Federal Prison Camp Bryan. DDF also searched for terms related to the policies concerning the classification and re-classification of

---

[10] The same is true of DDF's July 22, 2025 FOIA requests seeking records related to Defendant's investigations of Jeffrey Epstein and Ghislaine Maxwell that refer to Donald Trump or Mar-a-Lago. Although Defendant has released a number of responsive records through their EFTA production, it has not complied with section 3 of EFTA or otherwise provided any information to DDF alleging any exemptions. Accordingly, DOJ has not complied with FOIA as to these requests.

7

inmates, including "5100.08." Outside of news clippings and documents unrelated to the transfer of Maxwell to FCP Bruan in 2025, DDF did not find any responsive records other than those previously provided by the Department as part of their Maxwell Proffer.

The transfer of a federal prisoner from one federal prison to another will inevitably result in paperwork, so documents responsive to DDF's FOIA requests must exist. As with the other categories of requested documents, DOJ has done nothing to explain any documents that were withheld or redacted, either to comply with section 3 of EFTA or FOIA. As such, Defendant has not complied with FOIA as to these requests.

## Conclusion

If DOJ had publicly produced all documents responsive to DDF's FOIA requests this case would be in a different posture – but that is not what has happened. DDF's review of the Defendant's production of records under the Act reveals that numerous categories of information responsive to our FOIA requests were not publicly produced in the Epstein Library and no information about exemptions applicable to any documents withheld from the public production has been made publicly available or sent to DDF. DOJ has thus not yet fully complied with FOIA as to any of DDF's FOIA requests.

Dated:    April 15, 2026

Respectfully submitted,

/s/ Taryn Wilgus Null
Taryn Wilgus Null (# 985724)
Norman L. Eisen (# 435051)
Tianna Mays (# 90005882)
Pooja Chaudhuri (# 888314523)
Jacob Kovacs-Goodman (# 90032363)
DEMOCRACY DEFENDERS FUND

8

600 Pennsylvania Avenue SE, No. 15180
Washington, DC 20003
(202) 594-9958
Norman@democracydefenders.org
Taryn@democracydefenders.org
Tianna@democracydefenders.org
Pooja@democracydefenders.org
Jacob@democracydefenders.org

*Attorneys for Plaintiff*