**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DEMOCRACY DEFENDERS FUND

    Plaintiff,

       v.

U.S. DEPARTMENT OF JUSTICE,

    Defendant.

No. 1:25-cv-2791-CKK

**DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE REGARDING
DOJ COMPLIANCE WITH EPSTEIN FILES TRANSPARENCY ACT**

This Court should disregard Plaintiff's Notice regarding the alleged lack of compliance by Defendant, the U.S. Department of Justice ("DOJ"), with the Epstein Files Transparency Act ("EFTA"), Pub. L. No. 119–38, 139 Stat. 656 (Nov. 19, 2025), *see* Pl.'s Notice Re: DOJ Compliance with EFTA, ECF No. 23, because Plaintiff's Notice does not constitute a motion under Rule 7(b) of the Federal Rules of Civil Procedure or LCvR 7 of this Court's Local Civil Rules. Plaintiff does not seek an order of this Court, *see* Fed. R. Civ. P. 7(b)(1), and does not state the relief sought, *see id.* 7(b)(1)(C). Nor did counsel for Plaintiff confer with counsel for Defendant before filing this Notice. *See* LCvR 7(m).

Plaintiff's notice complains about one DOJ component's interim response to one part of Plaintiff's request for records made under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as well as other DOJ components' final responses to other parts of Plaintiff's request. But DOJ components are still searching for and processing records responsive to Plaintiff's FOIA request, one part of which Plaintiff only recently agreed to narrow. So at best, Plaintiff's concerns about the adequacy of DOJ's responses are premature.

After all DOJ components in receipt of Plaintiff's FOIA request have completed processing of the request and have provided their responses to Plaintiff, Plaintiff can meet and confer with Defendant about a briefing schedule for the parties to file cross motions for summary judgment, at which time Plaintiff can properly challenge the adequacy of the agency's response and the propriety of the agency's withholdings. *See Gilliam v. DOJ*, 128 F. Supp. 3d 134, 138 (D.D.C. 2015) ("Most FOIA cases are appropriately resolved on motions for summary judgment.") (citing *Brayton v. Off. of U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011)).

Dated: April 29, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*s/ James D. Todd, Jr.*
JAMES D. TODD, JR.
Senior Trial Counsel
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

*Counsel for Defendants*

2